IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

IN RE: CHRISTOPHER AND RACHEL MOUTON,   CASE NO. 4:11-bk-16479
                                         CHAPTER 13
        Debtors.

MART T. McCARTY, TRUSTEE                 PLAINTIFF

VS.                  AP NO. 4:12-ap-01150

FIRST SECURITY BANK                      DEFENDANT

MEMORANDUM OPINION

        Christopher and Rachel Mouton filed a voluntary petition for relief under the provisions of Chapter 13 on October 6, 2011. This case has been before the Court twice, once in an adversary proceeding, First Security Bank v. Mouton, 4:11-ap-01269, and again in Mouton v. Toyota Motor Credit Corp. (In re Mouton), 479 B.R. 55 (Bankr. E.D. Ark. 2012), 4:11-ap-1275.

        The Plaintiff in the current action is Mark T. McCarty, the standing Chapter 13 Trustee appointed to administer this case. The Defendant is First Security Bank (First Security). The Trustee in his pleading seeks to determine the validity of First Security's lien, to avoid First Security's lien and objects to First Security's claim. First Security filed a timely answer to the complaint.

        Trial on the merits was held in Little Rock, Arkansas, on January 11, 2013, and at the conclusion of the trial the matter was taken under advisement. Both sides have filed post-trial briefs with the Court. This Court has jurisdiction to decide this matter in accordance with 28

1

U.S.C. § 1334 and § 157(a). The matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B)&(K). The following memorandum opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

I.

THE FACTS

As determined by the Court's previous Order in 4:11-ap-1275 entered on September 7, 2012, the Debtors executed a security agreement in favor of First Security on September 16, 2011, which granted a non purchase money security interest in Debtor's 2009 Toyota automobile to secure the repayment of a note in favor of First Security in the sum of $60,464.87. On October 6, 2011, the Debtors filed a voluntary petition for relief under the provisions of Chapter 13. First Security never perfected its security interest under Arkansas law. (Pl.'s Ex. 2.)

The schedules filed by the Debtors listed First Security's claim as unsecured. The original plan proposed to pay First Security a pro rata distribution with other creditors holding unsecured claims. This plan proposed payment to the Trustee in the amount of $1,360.00 per month. The Debtors did not schedule the vehicle as exempt property. The original plan was never confirmed.

On October 28, 2011, the Debtors filed an amended plan and amended their schedule of exemptions. The Debtors claimed the Toyota automobile as exempt property and the amended plan still treated the claim by First Security as a general unsecured claim to be paid pro rata with other creditors holding unsecured claims. This plan was also never confirmed.

On April 26, 2012, the Court entered an order in 4:11-ap-1269 finding that First Security's debt is nondischargeable in the amount of $15,000.00 pursuant to 11 USC § 523(a)(6).

2

On September 20, 2012, the Debtors filed a second amended plan which proposed to pay the Trustee $315.00 per month and treated First Security's claim in part as a general unsecured claim. The second amended plan also created a separate unsecured class for First Security's nondischargeable $15,000.00 claim and proposed to pay $245.00 per month over the life of the plan on this claim plus a lump sum payment of $5,035.00 from funds on hand with the Trustee pending confirmation of a plan.

The Trustee and Toyota Motor Credit Corporation have objected to the plan but First Security has not filed any objection. The Trustee filed the only objection to the claim of exemptions of the Toyota automobile but subsequently withdrew the objection.

II.

THE PLEADINGS

The Trustee in his complaint alleges that this Court has previously determined that First Security's security interest in the Debtor's 2009 Toyota automobile is unperfected and that First Security has filed two secured claims; one for $60,206.24 and an amended claim for $15,000.00. The $60,206.24 secured claim asserts a security interest in the 2009 Toyota automobile and the $15,000.00 secured claim asserts a lien on unspecified property by virtue of this Court's judgment in 4:11-ap-1269 determining that $15,000.00 of First Security's claim of $60,206.24 is nondischargeable because it was obtained by false pretense. The complaint further alleges that the Debtors' schedules reflect that the value of the vehicle is $15,625.00.

The Trustee's complaint alleges no other facts and in particular no facts to support his objections to First Security's claim on any basis or to avoid First Security's unperfected security interest. The Trustee in his brief argues that First Security's security interest should be avoided

3

pursuant to the provisions of 11 U.S.C. § 544 and First Security in its brief makes no argument that its lien should not be avoided. The only argument First Security makes is that the vehicle should be sold and the sale proceeds divided among the unsecured creditors. However, no objection to the Trustee's failure to allege facts upon which relief may be granted as provided by Federal Rule of Bankruptcy Procedure 7012 was made by First Security.[1]

Since evidence supporting the avoidance of First Security's security interest and objecting to its secured claim was admitted without objection, the pleadings are, therefore, deemed amended to conform to the proof because the issue was tried by implied consent. Ehrichs v. Kearney, 730 F.3d 1170, 1171 (8th Cir. 1984); In re Cooper, 399 B.R. 637 (Bankr. E.D. Ark. 2009); see also Fed. R. Bankr. P. 7015(b)(2).

III.

DISCUSSION

11 U.S.C. § 544(a)(1) provides in relevant part:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor . . . that is voidable by—
>     a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists.

As stated in 5 Collier on Bankruptcy ¶ 544.03 (Alan N. Resnick & Henry J. Sommer et.

---

[1] First Security made a prefunctory statement in its answer that the complaint failed to allege facts upon which relief could be granted but never made argument at trial or in its brief that the complaint failed to allege facts upon which relief could be granted, and, therefore, the argument is deemed abandoned. Jasperson v. Purolator Courier Corp., 765 F.2d 736, 740 (8th Cir. 2008); In re McIntosh, 2013 WL 2460624 *2 (B.A.P. 8th Cir. 2013).

al. eds., 16th ed. 2011):

> If the holder of a security interest in the debtor's property has not taken the necessary steps under applicable law to put other potential creditors on notice of its interest by proper perfection, section 9-317(a)(2) of the Uniform Commercial Code provides that such a security interest is subordinate to the rights of a "lien creditor." In addition to the trustee's status as a "judicial lien creditor" under the Bankruptcy Code, the U.C.C. provides that the bankruptcy trustee from the date of filing the petition is a "lien creditor." Given this status, the bankruptcy trustee may use the strong arm claim to avoid unperfected security interest in personal property subject to Article 9 of the UCC as well as to avoid unperfected liens and security interest in real property or personal property to the extent that a judgment lien creditor may do so in applicable nonbankruptcy law.

An unperfected interest is not merely subordinate to the rights of the trustee but it is completely eliminated. See 2 David G. Epstein, Steve H. Nickles & James J. White, Bankruptcy § 6-61 at 111, n.12 (1992). The Chapter 13 Trustee has the authority to use the avoiding powers contained in 11 U.S.C. § 544. See In re Wood, 301 B.R. 558, 562 (Bankr. W.D. Mo. 2003); McRoberts v. Transouth Fin. (In re Bell), 194 B.R. 192, 195 (Bankr. S.D. Ill. 1996); Lucero v. Green Tree Fin. Servicing Corp. (In re Lucero), 199 B.R. 742, 744 (Bankr. D. N.M. 1996)(rev'd on other grounds); Einoder v. Moutn Greenwood Bank (In re Einoder), 55 B.R. 319, 324 (Bankr. N.D. Ill. 1985); 5 Collier on Bankr. ¶ 544.07[2] (Alan N. Resnick & Hentry J. Sommer et. al. eds. 16th ed. 2011).

In this case, First Security does not argue its unperfected lien is not avoidable by the Trustee but argues that the vehicle should be sold and the proceeds paid to unsecured creditors. However, First Security cites no law that permits such a remedy.[2]

---

[2] First Security's security interest was also subject to being stripped off as a valueless lien because there was no value over the amount of Toyota's prior lien for First Security's security interest to attach. See, Branigan v. Davis (In re Davis), 2013 WL 1926407 *3 (4th Cir. 2013); Bartee v. Tara Colony Homeowners Assoc. (In re Bartee), 212 F.3d 277, 280 (5th Cir. 2000)

5

Therefore, for these reasons, the security interest in the 2009 Toyota in favor of First Security is avoided. The secured claim of $15,000.00 and $60,000.00 is disallowed because neither claim is secured. See, 11 U.S.C. § 506(a); <u>Nobelman v. Am. Sav. Bank</u>, 508 U.S. 324, 113 S.Ct. 2106 (1993). First Security is allowed a general unsecured claim in the amount of $60,206.24.

IT IS SO ORDERED.

Dated: 06/25/2013

U. S. BANKUPTCY JUDGE

DATE:_____

cc: Mark T. McCarty, Chapter 13 Trustee
Mary Jane Pruniski, Esq.
Gary D. Jiles, Esq.
Robert R. Danecki, Esq.